IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| BRIAN WAYNE SANDERSON, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:22-CV-10-Z-BR |
| | § | |
| DIRECTOR, TDCJ-CID, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
TO DISMISS PETITION FOR A WRIT OF HABEAS CORPUS**

Before the Court is the *Petition for a Writ of Habeas Corpus by a Person in State Custody* filed by Petitioner Brian Wayne Sanderson ("Petitioner") challenging the constitutional legality or validity of his state court conviction and sentence. For the following reasons, Petitioner's habeas application should be DISMISSED with prejudice as time barred.

## I.   BACKGROUND

On May 8, 2018, Petitioner was tried by to the bench and found guilty of evading arrest, possession of a controlled substance with intent to deliver, and possession of a firearm by a felon, for which he was sentenced to 5 years, 40 years, and 40 years confinement, respectively. *See State v. Sanderson*, No. 72,550-D, 74,277-D, and 74,278-D; (ECF 3 at 2). On appeal, the Seventh Court of Appeals of Texas modified the judgment to waive the court costs and affirmed the judgment of the trial court as modified. *Sanderson v. State*, Nos. 07-18-00210-CR, 07-18-00211-CR, & 07-18-00212-CR; (ECF 10-2). On August 30, 2019, the Texas Court of Criminal Appeals ("TCCA") extended Petitioner's deadline to file his petition for discretionary review ("PDR") to October 29, 2019. (ECF 10-7, 13). Petitioner's PDR was not received by the TCCA until November 4, 2019

and was subsequently refused on December 11, 2019. *Sanderson v. State*, Nos. 07-18-00210-CR and 07-18-00212-CR, 2019 WL 3437753 (Tex. App.–Amarillo, July 30, 2019, pet. ref'd). Because Petitioner did not file a petition for certiorari in the Supreme Court, his conviction became final ninety days later, on March 10, 2020, when the time for seeking further direct review expired. *Gonzalez v. Thaler*, 565 U.S. 134, 149–50 (2012); *Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008); Sup. Ct. R. 13.

On August 17, 2020, Petitioner filed a state habeas application challenging his convictions for possession of a controlled substance and possession of a firearm. *In re Sanderson*, No. WR-91,593-01 and WR-91,593-02. The TCCA remanded the matter to the trial court for findings of fact and conclusions of law. *Id*. The TCCA denied the state habeas application without written order on January 13, 2021. *Id*. Petitioner's instant habeas action was placed in the prison mailing system on January 14, 2022. (ECF 3 at 10).

## II.     PETITIONER'S ALLEGATIONS

Petitioner contends he is being held in violation of the Constitution and laws of the United States for the following reason(s): Petitioner claims (1) there was insufficient evidence to sustain the deadly weapons finding; (2) the trial court abused its discretion by denying the motions to suppress without a hearing; (3) he received ineffective assistance of counsel; and (4) he was subject to a warrantless search in violation of his Fourth Amendment rights. (ECF 3 at 6–7).

## III.     RESPONSIVE PLEADINGS

On April 13, 2022, Respondent filed a Preliminary Answer asserting Petitioner's habeas application should be dismissed with prejudice because it is barred by the AEDPA statute of limitations. (ECF 9 at 7). Petitioner filed Reply to Respondent's Preliminary Answer. (ECF 11). Petitioner argues that the TCCA granted Petitioner an "out of time appeal" when it issued an order for the trial court to issue findings of fact and conclusions of law in response to his state habeas

applications. (ECF 11 at 1–2). Petitioner asserts that such action "re-opened" the case for "direct review" and, therefore, the one-year statute of limitations should run from the date the habeas petition was denied on January 13, 2021. (*Id.*).

### IV.    STATUTE OF LIMITATIONS

Title 28 U.S.C § 2244(d) imposes a one-year statute of limitations on federal petitions for writs of habeas corpus filed by state prisoners:

(1)  A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of –

   (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

   (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

   (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

   (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2). The limitations period shall run from the date on which the judgment became final <u>unless</u> one of the circumstances set forth in 28 U.S.C § 2244(d)(1)(B), (C), or (D) clearly applies and triggers a later begin date.

The one-year period of limitations ran from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The judgment and sentence for Petitioner's conviction was entered on May 7,

2018. *See State v. Sanderson*, No. 72,550-D, 74,277-D, and 74,278-D; (ECF 3 at 2). Petitioner appealed and on December 11, 2019, the TCCA refused his petition for discretionary review. *Sanderson v. State*, Nos. 07-18-00210-CR and 07-18-00212-CR, 2019 WL 3437753 (Tex. App.–Amarillo, July 30, 2019, pet. ref'd). Petitioner did not file a petition for certiorari in the Supreme Court, and his conviction became final ninety days later, on March 10, 2020. *See Roberts v. Cockrell*, 319 F.3d 690, 693-95 (5th Cir. 2003) (finality determined by when time for filing further appeals expires).

## V.     STATUTORY TOLLING

Under Section 2254(d)(2), the limitations period will be tolled while a proper state habeas application is pending. *See* 28 U.S.C. § 2244(d)(2). Petitioner's state habeas applications were signed on June 17, 2020 and June 25, 2020, respectively, and filed on August 17, 2020. The state habeas applications tolled the applicable limitations period while they were pending, until they were denied on **January 13, 2021**. Taking the earliest date, only **two-hundred and sixty-six (266) days** remained in the statutory filing period for federal habeas relief (which began on March 10, 2020) when the state habeas application was filed on June 17, 2020. The statutory filing period for federal habeas was tolled until the state habeas application was concluded on January 13, 2021, at which time the remaining 266 days began to accrue again. The federal filing deadline expired, therefore, on **October 6, 2021**. Petitioner did not file his application until **January 14, 2022**, approximately three (3) months after the filing deadline.

Petitioner argues that the TCCA "reopened [his convictions] for direct review" such that they were no longer final. (ECF 11 at 2–3). While Petitioner correctly asserts that the granting of an out-of-time appeal reopens the case and restarts the limitations period, such is not applicable to his case. *Jimenez v. Quarterman*, 555 U.S. 113, 121 (2009) (holding that where a state court has

4

in fact reopened direct review, the conviction is rendered nonfinal for purposes of § 2244(d)(1)(A) during the pendency of the reopened appeal). Petitioner's reliance on *Jimenez*, however, is unfounded. In *Jimenez*, the TCCA held that the petitioner was denied his right to a meaningful appeal when he was denied the opportunity to file a *pro se* brief to the court of appeals. *Id.* at 116.

In the instant case, Petitioner was afforded the ability to appeal his convictions and did so. *See Sanderson v. State*, Nos. 07-18-00210-CR, 07-18-00211-CR, & 07-18-00212-CR; (ECF 10-2). Upon submission of Petitioner's state habeas application—after his direct appeal had concluded—the TCCA remanded the matter to the trial court for findings of fact and conclusions of law. *In re Sanderson*, No. WR-91,593-01 and WR-91,593-02. The TCCA then denied the state habeas application without written order on January 13, 2021, based on the findings of the trial court and its own independent review. *Id.* Such action by the TCCA, as part of the state habeas proceeding, is not an out-of-time appeal and does not reopen direct review for federal limitations purposes.

## VI.    <u>EQUITABLE TOLLING</u>

The one-year statute of limitations on petitions for federal habeas relief by state prisoners is subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010). A petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his habeas rights diligently, and (2) that some "extraordinary circumstance" stood in his way and prevented him from effecting a timely filing. *Id*. at 649. The United States Supreme Court has reaffirmed "that the second prong of the equitable tolling test is met only where the circumstances that caused a litigant's delay are both extraordinary and beyond its control." *Menominee Indian Tribe of Wis. v. United States*, 136 S. Ct. 750, 755 (2016). Equitable tolling can apply to the one-year limitation period of section 2244(d) only in "rare and exceptional" circumstances. *Davis v. Johnson*, 158

5

F.3d 806, 810-11 (5th Cir. 1998). The diligence required for equitable tolling purposes is "reasonable diligence," not "maximum feasible diligence." *Holland*, 560 U.S. at 653. Equitable tolling principally applies where the petitioner is "actively misled" by the respondent about the cause of action or was prevented in some extraordinary way from asserting his rights. *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999). A "garden variety claim of excusable neglect" by the petitioner does not support equitable tolling. *Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5th Cir. 2002).

Ignorance of the law and lack of legal assistance, even for an incarcerated prisoner, generally do not excuse prompt filing. *Felder*, 204 F.3d at 171; *Fisher v. Johnson*, 174 F.3d 710, 714; *Davis*, 158 F.3d at 808-12; *see also United States v. Flores*, 981 F.2d 231, 236 (5th Cir. 1993) (neither an inmate's illiteracy, deafness, nor lack of legal training amounts to factors external to the inmate to excuse an abuse of the writ); *Moore v. Roberts*, 83 F.3d 699, 704 (5th Cir. 1996) (a petitioner's lack of interest in challenging prior convictions was not cause to excuse a procedural default); *Saahir v. Collins*, 956 F.2d 115, 118-19 (5th Cir. 1992) (holding neither prisoner's *pro se* status nor ignorance of the law constitutes "cause" for failing to include a legal claim in his prior petition); *see also Flanagan v. Johnson*, 154 F.3d 196, 198-99 (5th Cir. 1998) (petitioner's failure to discover the significance of the operative facts does not constitute cause).

Here, Petitioner asserts that he should not be barred by the one-year statute of limitations because COVID-related policies restricted his access to the law library and his ability to timely file. (ECF 3 at 9). Petitioner also argues that the U.S. Postal Service was "dilatory." (*Id.*). Petitioner has failed to establish that either COVID-related policies or the U.S. Postal Service "actually prevented" him from timely filing his application. *See Krause v. Thaler*, 637 F.3d 558, 561 (5th Cir. 2011). The existence of the COVID-19 pandemic, in isolation, does not constitute an

"extraordinary circumstance" warranting equitable tolling. Lack of access to the law library may support tolling, but only in limited circumstances. *Egerton v. Cockrell*, 334 F.3d 433, 438–39 (5th Cir. 2003). As other courts have noted, even if prison law libraries were closed due to the pandemic, the prison mail systems were not. *United States v. Lara*, No. 6:21-29, 2021 WL 4087613, at *2 (S.D. Tex. Sept. 8, 2021) (citing cases). In this case, Petitioner has not made any attempt to show that he was prevented from timely filing his petition. Nor has he shown any exercise of diligence on his part. Rather, as Respondent points out, Petitioner managed to file his state habeas applications in June of 2020, during the same period in which Petitioner could have filed the instant application.

In his Response, Petitioner states that his application was timely filed, because it was filed one year and a day after the TCCA denied his state habeas application. (ECF 11 at 3). Petitioner's misunderstanding of statutory tolling does not excuse prompt filing. *Felder*, 204 F.3d at 171. Further, nothing in the record suggests the state misled Petitioner. Petitioner's reliance on the letter from appellate counsel establishes only that Petitioner was advised to pursue an ineffective assistance of counsel claim in a post-conviction proceeding on September 6, 2018. (ECF 11 at 5, 9). Nothing in the letter establishes a basis for Petitioner's tardiness in filing such claim before the limitations period expired in this Court.

"In order for equitable tolling to apply, the applicant must diligently pursue his § 2254 relief." *Coleman*, 184 F.3d at 403. The record does not reflect Petitioner pursued his claims with reasonable diligence, or that extraordinary circumstances beyond his control, qualifying as "rare and exceptional" events, actions or conditions, prevented him from timely seeking post-conviction relief from his conviction. The undersigned finds, therefore, that Petitioner has not sufficiently demonstrated that he is entitled to equitable tolling of the limitations period. *See Flanagan v.*

*Johnson*, 154 F.3d 196, 198-99 (5th Cir. 1998) (petitioner's failure to discover the significance of the operative facts does not constitute cause).

## VII. ACTUAL INNOCENCE

The statute of limitations bar may, in fact, be overcome by a showing of "actual innocence." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) ("actual innocence, if proved, serves as a gateway through which a petitioner may pass" when he is procedurally barred by the expiration of the statute of limitations). In other words, a credible showing of "actual innocence" may allow a prisoner to pursue his constitutional claims on the merits notwithstanding the existence of a procedural bar to relief. *Id.* at 392. "This rule, or fundamental miscarriage of justice exception, is grounded in the 'equitable discretion' of habeas courts to see that federal constitutional errors do not result in the incarceration of innocent persons." *Id*. (*quoting Herrera v. Collins*, 506 U.S.390, 404 (1993)).

A habeas petitioner, who seeks to surmount a procedural default through a showing of "actual innocence" must support his allegations with "new, reliable evidence" that was not presented in the underlying proceedings and must show that it was more likely than not that, in light of the new evidence, no fact finder, acting reasonably, would have found the petitioner guilty beyond a reasonable doubt. *See Schlup v. Delo*, 513 U.S. 298, 326–27 (1995); *see also House v. Bell*, 547 U.S. 518 (2006) (discussing at length the evidence presented by the petitioner in support of an actual-innocence exception to the doctrine of procedural default); *Moore v. Quarterman*, 534 F.3d 454, 465 (5th Cir. 2008) (explaining that evidence was not "new" where "it was always within the reach of [petitioner's] personal knowledge or reasonable investigation"). "Actual innocence" in this context refers to factual innocence and not mere legal sufficiency. *Bousely v. United States*, 523 U.S. 614, 623–624 (1998).

Here, Petitioner's claims for actual innocent are based on a sufficiency of the evidence claim. (ECF 11 at 3–4). Specifically, Petitioner claims that the firearm in his possession was not loaded. (*Id*. at 6). Petitioner fails to demonstrate actual innocence by presenting any "new, reliable evidence" that was not previously presented and was unavailable to him in the underlying proceedings, nor does he show it is more likely than not that, "in light of the new evidence," no fact finder, acting reasonably, would have convicted Petitioner in light of the new evidence. Further, the facts and argument raised by Petitioner do not support that he is factually innocent. Consequently, Petitioner has not overcome the time bar for filing a federal habeas corpus petition.

## VIII.   FINDINGS AND CONCLUSIONS

The undersigned makes the following findings and conclusions:

1. Petitioner's conviction was entered on May 8, 2018. *State v. Sanderson*, No. 72,550-D, 74,277-D, and 74,278-D; (ECF 3 at 2). Petitioner's petition for discretionary review was denied on December 11, 2019. *Sanderson v. State,* Nos. 07-18-00210-CR and 07-18-00212-CR, 2019 WL 3437753 (Tex. App.–Amarillo, July 30, 2019, pet. ref'd).   Petitioner did not file a writ of certiorari; thus, the conviction became final on March 10, 2020.

2. Petitioner's claims do not concern a constitutional right recognized by the United States Supreme Court within the last year and made retroactive to cases on collateral review.

3. Petitioner's claims are not of such a nature that they could not have been discovered, through the exercise of due diligence, until a date subsequent to Petitioner's convictions becoming final.

4. Petitioner's federal habeas corpus petition was thus due on or before March 10, 2021, at the latest, unless statutorily or equitably tolled.

5. Petitioner's state habeas application(s) regarding the instant action, filed on **June 17, 2020**, at the earliest, and denied on **January 13, 2021**, tolled the limitations period by **210 days**. Thus, the limitations period expired on **October 6, 2021**.

6. Petitioner has not demonstrated that he is entitled to any periods of equitable tolling.

7. Petitioner's federal habeas corpus application, filed **January 14, 2022** when

9

      it was placed in the state prison mailing system, was filed approximately three (3) months after the expiration of the statute of limitations and **is time barred**.

8.     Petitioner has failed to demonstrate actual innocence by presenting new reliable evidence showing it is more likely than not that no reasonable juror would have convicted petitioner in light of the new evidence.

## IX.    RECOMMENDATION

For the above reasons and the reasons set forth in Respondent's Preliminary Answer filed April 14, 2022 (ECF 9), it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by Petitioner BRIAN WAYNE SANDERSON be DISMISSED with prejudice as time barred.

## X.    INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of these Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED August 9, 2023.

                                                    LEE ANN RENO
                                                    UNITED STATES MAGISTRATE JUDGE

## \* <u>NOTICE OF RIGHT TO OBJECT</u> \*

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).